UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSHUA INABINETT

v.

THERESA LANTZ, ET AL.

PRISONER CASE NO.
3:05-cv-214 (AVC)

## RULING ON PENDING MOTION

The plaintiff, Joshua Inabinett, is currently confined at the Northern Correctional Institution, in Somers, Connecticut. Pending before the court is the plaintiff's motion for injunctive relief. For the reasons set forth below, the motion is denied.

The plaintiff seeks a court order directing the defendants to adhere to the holding of the United States Court of Appeals for the Second Circuit in Taylor v. Rodriguez, 238 F.3d 188 (2d Cir. 2001), and remove him from the close custody unit at Northern Correctional Institution. The plaintiff also complains that he has no access to a law library because he is confined in the close custody unit and the Inmates' Legal Assistance Program will not assist him with this case.

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 72 (2d Cir. 1992). Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995]. In this case, the court finds that oral testimony and argument is not necessary. Accordingly, the plaintiff's motion for a conference to discuss the allegations in the motions for injunctive relief is denied.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be

routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000). Where the moving party seeks a mandatory injunction, i.e., injunctive relief which changes the parties' positions rather than maintains the status quo, or the injunction requested "will provide substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits," the moving party must make a stronger showing of entitlement. Brewer, 212 F.3d at 744 (internal quotation marks and citation omitted). A mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested" or where "extreme or very serious damage will result from a denial of preliminary relief." Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985)(citations omitted).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show

an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

The plaintiff alleges that in February 2004, correctional officers used excessive force against him in response to his actions protesting the confiscation of property from his cell. He claims that the officers issued him six false disciplinary reports to justify their use of excessive force. One of the reports charged the plaintiff with being affiliated with a security risk group. The plaintiff attaches documents to his memorandum in support of the motion for injunctive relief indicating that a hearing was held, a disciplinary hearing officer found him guilty of being affiliated with a security risk group and imposed sanctions against him and prison officials notified him that he had been designated as a Security Risk Group Safety Threat Member. The plaintiff claims that as a result of this designation, he is confined to a restrictive housing unit. He seeks to have the security risk group designation removed and to be released from restrictive housing because prison officials did not comply with the Due Process requirements set forth by the Second Circuit in Taylor v. Rodriguez, 238 F.3d 188 (2d Cir. 2001), when they designated him as a Security Risk Safety Threat Member and transferred him to the close custody unit.

It is evident from the documents attached to plaintiff's motion, memorandum in support of the motion and reply to defendants' response to the motion that the plaintiff was already in administrative segregation at Northern Correctional Institution at the time of the incident in February 2004 because of prior disciplinary sanctions imposed upon him in 2003. Thus, the restrictive conditions of confinement described by the plaintiff due to his placement in administrative segregation phase program at Northern were not the result of his designation as a

3

security risk safety threat member in February 2004. Furthermore, the plaintiff has not alleged that he will suffer imminent irreparable harm if he is not transferred from the administrative segregation program at Northern and the security risk group designation is not removed.

The only specific restriction described by the plaintiff is his inability to access a law library. He also claims that the Inmates' Legal Assistance Program will not assist him with this case. In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right. First, the Court held that to show a violation of his right of access to the courts, an inmate must allege an actual injury. Id. at 349. The fact that an inmate may not be able to litigate effectively once his claim is brought before the court, is insufficient to demonstrate actual injury. Id. at 355. Rather, the inmate must show that he was unable to file the initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim. Id. at 351.

The plaintiff claims that he has filed deficient papers with the court because Inmates' Legal Assistance will not help him with his case. He attaches two orders from the court dated January 24, 2006, returning documents that did not contain a certificate of service. The docket sheet reflects, however, that the plaintiff re-submitted those documents for filing with corrected certificates of service. Thus, the plaintiff has failed to demonstrate that the plaintiff has suffered an injury as a result of his lack of access to a law library. The plaintiff claims that the Inmates' Legal Assistance Program in Hartford, Connecticut has refused to assist him with his case. A June 2004 letter from an attorney at Inmates' Legal Assistance attached to the plaintiff's reply to defendants' response to the motions for injunctive relief does not support the plaintiff's allegation. The attorney indicated that Inmates' Legal Assistance was available to assist the plaintiff with his claims that the

4

defendants use excessive force against him and requested that the plaintiff send in documents relating to those allegations for review. The plaintiff does not indicate that he ever contacted the attorney again or attempted to comply with the attorney's request for documents. Despite the plaintiff's alleged lack of aid from the Inmates' Legal Assistance Program in connection with this case, he has filed an amended complaint, seven motions, four memoranda and five affidavits since commencing this action. The plaintiff's multiple filings belie his claim that he has been unable to litigate this case without access to a law library or assistance from an attorney. Accordingly, the plaintiff has failed to demonstrate that he has been irreparably harmed by the denial of access to a law library and his request to be transferred from restrictive housing is denied. Absent any allegations of irreparable injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief. See Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered"). Accordingly, the plaintiff's motion for injunctive relief is denied.

## Conclusion

The Motion for Injunctive Relief [**doc. #19**] is **DENIED**.

SO ORDERED at Hartford, Connecticut, this 30th day of August, 2006.

Alfred V. Covello
United States District Judge